1  John H. Bernstein, *pro hac vice* application pending
   Kate E. Manka, SBN 180651
2  KUTAK ROCK LLP
   717 Seventeenth Street, Suite 2900
3  Denver, CO  80202-3329
   Telephone: (303) 297-2400
4  Facsimile: (303) 292-7799

5  Tomio B. Narita, SBN 156576
   WINEBERG, SIMMONDS & NARITA
6  44 Montgomery Street, Suite 3880
   San Francisco, CA  94104-4811
7  Telephone: (415) 352-2200
   Facsimile: (415) 352-2222
8

9  Attorneys for Defendant General Electric
   Capital Business Asset Funding Corporation
10

11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

16

17 | RAY H. OLYAIE,                         | CASE NO. 01-04916  VRW ARB
           Plaintiff,                       | **MOTION TO STRIKE PORTIONS OF
18                                          | COMPLAINT; MEMORANDUM OF
        v.                                  | POINTS AND AUTHORITIES IN
19                                          | SUPPORT THEREOF**
   GENERAL ELECTRIC CAPITAL                 |
20 BUSINESS ASSET FUNDING                   | Date: April 18, 2002
   CORPORATION, and Does 1 through          | Time: 2:00 p.m.
21 100, inclusive,                          | Courtroom 6, 17th Floor

22          Defendants.

23 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24     PLEASE TAKE NOTICE that on April 18, 2002, at 2:00 p.m., or as soon thereafter as the

25 matter may be heard, in the courtroom of the Honorable Vaughn R. Walker, United States District

26 Judge, in the United States District Court, located at 450 Golden Gate Avenue, 17th Floor, San

27 Francisco, California, Defendant General Electric Capital Business Asset Funding Corporation

28

02-106189.01                                                     DEFENDANT'S MOTION TO STRIKE

                                            1

("GE Capital") hereby does move this Court for an order striking the following items of damages from paragraphs 10, 13, 18 and 23 of the Complaint: (1) attorney's fees and costs related to the negotiating and complying with the terms of the Loan Commitment; (2) loan fees paid to GE Capital; (3) loan packaging fees paid to outside firms; (4) environmental report fees; and (5) brokerage fees. GE Capital moves to strike these items on the ground that they are barred by the Loan Commitment, attached as Exhibit A to the Complaint. GE Capital also moves for an order striking the following item of damages from paragraphs 13, 18 and 23 of the Complaint: additional interest payable under the terms of the Pontes Financial Company's promissory note. GE Capital moves to strike this item on the ground that benefit of the bargain damages are not available for tort claims.

GE Capital's motion is made pursuant to Federal Rule of Civil Procedure 12(f) and will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all documents in the court files, and all evidence presented at the hearing.

Dated: December 19, 2001

KUTAK ROCK LLP
WINEBERG, SIMMONDS & NARITA

By:_____/s/_____
Tomio B. Narita
Attorneys for Defendant
GENERAL ELECTRIC CAPITAL
BUSINESS ASSET FUNDING
CORPORATION

**POINTS AND AUTHORITIES**

**I.     Introduction**

In conjunction with this motion, GE Capital has filed a Motion to Dismiss requesting that the Court dismiss each of the claims asserted by Plaintiff in his Complaint. To the extent that any of Plaintiff's claims survive the motion to dismiss, GE Capital requests that the Court enter an order striking portions of Plaintiff's Complaint.

Even if Plaintiff could state a cause of action against GE Capital, Plaintiff is not entitled to most of the damages he seeks. Plaintiff seeks to recover certain costs relating to his application for the loan, but he expressly agreed under the Loan Commitment that he would be responsible for those costs, regardless of whether the loan closed. He cannot now recover those amounts which he unconditionally agreed to pay. Plaintiff also seeks to recover "benefit of the bargain" damages in connection with his claims for breach of the covenant of good faith and fair dealing, fraud and negligent misrepresentation. Such damages are not available for tort claims, and therefore any request for such damages outside the context of Plaintiff's breach of contract claim must be stricken.

**II.    Standard for motion to strike**

Federal Rule of Civil Procedure 12(f) provides that the "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) may be used to challenge requests for damages that are not available to the plaintiff. *Allison v. Dugan*, 737 F. Supp. 1043, 1049-50 (N.D. Ind. 1990), *aff'd in part, rev'd in part on other grounds*, 951 F.2d 828 (7th Cir. 1992); *Torchetti v. Int'l Bus. Machines Corp.*, 986 F. Supp. 49, 55 (D.C. Mass. 1997); *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (D. Mo. 1997); *Halwig v. Kelsey-Hayes Co.*, 907 F. Supp. 253, 255-56 (D.C. Mich. 1995).

**III.   The Court should strike all claimed damages which are barred by the Loan Commitment**

Plaintiff claims as damages attorney's fees and costs related to the negotiation of and

compliance with the Loan Commitment, loan fees paid to GE Capital, loan packaging fees paid to outside firms, environmental report fees, brokerage fees, and liquidation costs.  Complaint, ¶¶10, 13, 18, 23.  Yet, Plaintiff expressly agreed when he signed the Loan Commitment that he would pay these costs, even in the event the loan was not ultimately closed:

> **BROKERAGE**.  GE Capital shall not be required to pay any brokerage fee or commission arising from this commitment, and the BORROWER agrees to defend, indemnify and hold GE Capital harmless against any and all expenses, liabilities, and losses arising from such claims in connection therewith, including payment of reasonable attorney's fees.
>
> **COSTS PAYABLE BY BORROWER.** BORROWER shall pay all costs associated with the loan, including (without limitation) a $500 per site documentation fee, the fees and costs of special counsel, the cost of any environmental audits, the fees of the consulting engineer, appraisal costs, any loan, escrow, recording and transfer fees and taxes, title charges, survey costs, realty tax service fee, and all other costs incurred for the documents and services described herein, *whether the loan is closed or not.*

Ex. A, p. 6 (emphasis added).  Because Plaintiff unconditionally agreed to be responsible for these costs regardless of the outcome of his loan application, he is not entitled to recover any of those costs in this action.

**IV.    The Court should strike Plaintiff's request for "benefit of the bargain" damages in connection with the Second, Third and Fourth Causes of Action**

As damages for his Second, Third and Fourth Causes of Action, Plaintiff seeks to recover "additional interest payable under the terms of the Pontes Financial Company's promissory note." Complaint, ¶¶13, 18, 23.[1]  This item should be stricken from these paragraphs because "benefit of the bargain" damages are generally not available for tort claims.  Cal. Civ. Code §§ 3300, 3333; *Overgaard v. Johnson*, 68 Cal. App. 3d 821, 823-24 (1977).

---

[1] As noted in GE Capital's motion to dismiss, it is unclear whether Plaintiff's Second Cause of Action for breach of the covenant of good faith and fair dealing is intended to be a variation of Plaintiff's contract claim or a tort claim. GE Capital moves to strike the request for benefit of the bargain damages to the extent the Second Cause of Action asserts a tort claim.

1 | Dated: December 19, 2001

2 | KUTAK ROCK LLP
3 | WINEBERG, SIMMONDS & NARITA

5 | By: _____/s/_____
6 | Tomio B. Narita
    Attorneys for Defendant
7 | GENERAL ELECTRIC CAPITAL
    BUSINESS ASSET FUNDING
    CORPORATION